# IN THE COURT OF APPEALS OF IOWA

No. 19-0937
Filed May 13, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MELISSA KAY WEST,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Warren County, Brendan Greiner, District Associate Judge.

    A defendant appeals the revocation of her deferred judgment and imposition of a jail sentence. **AFFIRMED.**

    Patrick W. O'Bryan, Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

    Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

Melissa West pled guilty to operating a motor vehicle while intoxicated. The court granted a deferred judgment and ordered probation. Multiple probation violations were reported. Ultimately, the district court revoked West's deferred judgment and imposed a thirty-day jail sentence. We affirm.

Iowa Code section 907.3 (2017) governs deferred judgments and their revocation. It provides, in relevant part: "Upon a showing that the defendant is not cooperating with the program of probation or is not responding to it, the court may withdraw the defendant from the program, pronounce judgment, and impose any sentence authorized by law." Iowa Code § 907.3(1)(b); *see also id.* § 908.11(4). We review revocations for abuse of discretion. *See State v. Liddell*, 672 N.W.2d 805, 816 (Iowa 2003).

On appeal, West claims "the State failed to show that" she "was not cooperating with the program of probation or was not responding to it." "Accordingly," West argues "the district court should not have revoked" her deferred judgment "and should have kept" her "on probation."

We disagree. West's own written admissions show she failed to cooperate with probation. She signed and filed a stipulation that stated:

4. I stipulate that I have violated the terms and conditions of my probation. I specifically agree that I:

    a. Failing to make payments toward her court-ordered financial obligations.
    b. Failing to maintain employment while on supervision.
    c. Failing to report for a scheduled appointment on November 29th, 2018.
    d. Was involved in a motor vehicle accident on Madison County on November 25th, 2018 resulting in the filing of charges in Madison County Case Nos. STA0020316, STA0020317, NTA0080318, STA0020319, and STA0020320.
    e. Traveling out of state without authorization.
    f. Failing to make contact with her probation officer between April 30th, 2018 and May 14th, 2018.
    g. Failing to comply with treatment requirements at United Community Services.
    h. Failing to report for a scheduled appointment on December 14th, 2018.
    i. Failed to report to my probation officer that I had been charged with operating a motor vehicle while intoxicated, second offense, an aggravated misdemeanor, in violation of Iowa Code § 321J.2.

Still, at the hearing on reported violations, the district court considered West's statements in mitigation, including her claims that she was engaged in treatment, she has strong family support, and she has no access to a vehicle.

But the hearing record also showed West had a substantial history with methadone, driving while intoxicated, and automobile accidents. And the court was not convinced West would no longer drive while abusing methadone. "[T]hat's when you endanger the public," the court noted.

Ultimately, the court concluded "continued probation is inappropriate" in light of West's "violations of probation" as well as the need for "rehabilitation of the defendant and protection of the public from future offenses." This conclusion fell well within the court's discretion. We affirm.

**AFFIRMED.**